UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

TONY J. REYES,

                Plaintiff,

v.                                                       No. 6:19-CV-00037-H

TOM GREEN COUNTY JAIL, *et al.*,

                Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this civil action complaining of civil-rights violations and medical negligence that allegedly occurred while he was as a pretrial detainee held on federal charges at the Tom Green County Jail. (Dkt. No. 1.) United States Magistrate Judge John R. Parker conducted preliminary screening and recommended that the Court (a) dismiss without prejudice for lack of subject matter jurisdiction Plaintiff's state law medical negligence claims against Shannon Medical Center and its employees, and (b) dismiss with prejudice Plaintiff's remaining claims for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Dkt. No. 33.) Plaintiff—who is no longer incarcerated—filed no objections and the time to do so has passed.

The Court has examined the record and reviewed the findings, conclusions, and recommendation for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. Plaintiff's complaint and his state-law medical negligence claims against Shannon Medical Center and its employees are dismissed without prejudice for lack of subject matter jurisdiction, and all remaining claims are dismissed with prejudice for failure to state a claim.

This dismissal will count as a qualifying dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1), and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). *See also Lomax v. Ortiz-Marquez*, ___U.S.___, 140 S. Ct. 1721 (2020).

Dismissal of this action does not release Plaintiff from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $505.00 at the same time he files his notice of appeal.

The Court prospectively certifies that any appeal of this action would not be taken in good faith, for the reasons stated herein and in the findings, conclusions, and recommendation of the United States Magistrate Judge. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3); *see also Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the findings in this order, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam).[1] In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

All relief not expressly granted and any pending motions are denied.

So ordered.

Dated August 22, 2022.

JAMES WESLEY HENDRIX
United States District Judge

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.